NOT DESIGNATED FOR PUBLICATION

No. 119,708

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JASON E. CHANEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed April 19, 2019. Affirmed in part and dismissed in part.

Submitted for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before SCHROEDER, P.J., BUSER and ATCHESON, JJ.

PER CURIAM: Jason E. Chaney raises two issues on appeal. First, he alleges the district court abused its discretion by imposing the underlying prison sentence when other alternatives to incarceration were available. Second, he claims the district court erred at sentencing by imposing a greater penalty based on a criminal history score that was not charged in the complaint and proven to a jury beyond a reasonable doubt.

Chaney filed a motion for summary disposition in lieu of briefs in accordance with Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State filed a response and did not oppose Chaney's motion for summary disposition. The State asks us to affirm the district court's revocation of Chaney's probation and imposition of sentence. We granted

1

the motion for summary disposition. After reviewing the record on appeal and finding no error, we affirm in part and dismiss in part.

FACTUAL AND PROCEDURAL BACKGROUND

On January 5, 2017, Chaney entered a plea agreement to one count of failing to register as a sex offender in violation of the Kansas Offender Registration Act (KORA) K.S.A. 22-4901 et seq., a severity level 6 felony. The State agreed to recommend a low number in the sentencing guidelines grid box and probation.

Chaney was sentenced on February 16, 2017, to 19 months' imprisonment but granted probation for 24 months. The terms of Chaney's probation included remaining drug and alcohol free and submitting to random breath, blood, and urinalysis testing.

Two months later, in April 2017, Chaney admitted to testing positive for marijuana and methamphetamine. As a result, he was ordered to serve a two-day jail sanction. See K.S.A. 2017 Supp. 22-3716(c)(1)(B). A three-day jail sanction was similarly imposed in July 2017.

On December 8, 2017 a warrant was issued for Chaney's arrest for: (1) failure to attend drug and alcohol treatment; (2) failure to maintain full-time employment; (3) testing positive for tetrahydrocannabinol; and (4) testing positive for methamphetamines.

The probation violation hearing was held on January 3, 2018. Chaney stipulated to all four probation violations. The State requested the district court to impose a 120-day prison sanction. Chaney requested the district court to "simply skip the sanctions" and sentence him to structured four-month residential treatment as he had already been "in custody for one month . . . [and] [t]he [c]ourt knows a 120-day [sanction] will be reduced to 60 days." Of note, in discussing Chaney's options the district court made note of

2

Chaney's two-day sanction in April 2017 and three-day sanction in July 2017 for testing positive for methamphetamines.

Alternatively, Chaney asked the district court to revoke his probation and order him to serve his underlying sentence. The district judge replied:

"Mr. Chaney, I'm going to deny the request. I just see a couple of things. I see too much hope in what you've got going here. This is a situation where it's a presumptive probation case. You are here with an H history, which isn't much.

I know it's an offender registration violation case underlying the probation. I get that. But I'm not ready to give up on you. I think you can do probation if you set your mind to it."

Chaney was sentenced to a 120-day sanction under K.S.A. 2017 Supp. 22-3716(c)(1)(C). Four months after the hearing, on May 7, 2018, he again tested positive for methamphetamines and amphetamines.

On May 31, 2018, a probation violation hearing was conducted. After reviewing the sanctions imposed for the three previous probation violations—the 2-day incarceration in April 2017, the 3-day incarceration in July 2017, and the 120-day prison sanction in January 2018—the district court revoked Chaney's probation finding that the statutory graduated sanctions had been completed. Chaney was ordered to serve the underlying sentence.

Chaney appeals.

REVOCATION OF PROBATION AND IMPOSITION OF SENTENCE

Under K.S.A. 2017 Supp. 22-3716, Kansas employs a graduated sanctions scheme for individuals who violate their probation terms. Generally, once a probation violation

3

has been established, a district court must impose a progression of graduated sanctions before revoking probation. See K.S.A. 2017 Supp. 22-3716(c)(1). Under the graduated sanctions scheme, the district court may revoke probation and impose the underlying sentence once the probationer has served a 120-day sanction. See K.S.A. 2017 Supp. 22-3716(c)(1)(E).

Our standard of review provides that once a probation violation has been established by a preponderance of evidence, "the decision to revoke probation rests in the sound discretion of the district court." *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). Here the district court imposed a 2-day sanction, a 3-day sanction, and a 120-day sanction due to Chaney's prior probation violations. As a result, the district court had the discretion to impose imprisonment as an appropriate disposition.

Judicial discretion is abused when the district court's decision is arbitrary, based on an error of law, or based on an error of fact. *State v. McFeeters*, 52 Kan. App. 2d 45, 47, 362 P.3d 603 (2015). Chaney does not claim an error of law or fact. Rather, he claims the district court abused its discretion.

In considering whether to impose an additional sanction or revoke Chaney's probation and order incarceration, the district judge explained:

> "[THE COURT]: It's crystal clear to me that you have a drug problem. It was my hope that leaving you on probation during these last three violations that you would be able to address that fully. . . .
>     . . . .
> ". . . So as we sit here today as a result of choices that you made, I think I've been as patient as I can be under the circumstances. We've done two quick dips and a soak. So I'm going to revoke and impose the underlying sentence finding that the graduated sanctions track has been completed.

4

"Mr. Chaney for whatever reason can't quite shake the addiction. I believe that residential, while it might be helpful at this point, I have to be a little bit skeptical of your desire to go there in all candor so I will revoke and impose . . . the underlying sentence."

In order to show that the district court's ruling ordering incarceration was an abuse of discretion, Chaney was tasked with showing that no reasonable person would take the view adopted by the trial court. See *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). Chaney has failed in this regard.

Numerous sanctions imposed on Chaney did not dissuade him from remaining addicted to illegal controlled substances. The one individual who had firsthand knowledge of Chaney's performance on probation, his probation officer, recommended incarceration. Despite the efforts by the district court to afford Chaney opportunities to avoid prison and alleviate his addiction, Chaney's repeated probation violations for using illegal drugs left the district court with only one realistic option—incarceration. We find no abuse of discretion by the district court.

SENTENCING PROCEDURE

For his second issue on appeal, Chaney asserts the district court erred in increasing his sentence based on his criminal history that was not charged in the complaint and proven to a jury beyond a reasonable doubt. In support of his argument, Chaney cites *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

At the outset, Chaney's appeal of his sentence is untimely. See K.S.A. 2018 Supp. 22-3608(c); *State v. Inkelaar*, 38 Kan. App. 2d 312, 317-18, 164 P.3d 844 (2007) (defendant's notice of appeal was timely only as to his probation revocation and not as to his original sentence). As a consequence, we have no jurisdiction to review this issue. 38 Kan. App. 2d at 317-18. This issue is dismissed.

5

For the sake of completeness, if we did review this claim, it would fail on the merits. In *Apprendi*, the United States Supreme Court expressly carved out an exception to its holding for prior convictions. 530 U.S. at 490. The Kansas Supreme Court explained in *State v. Ivory*, 273 Kan. 44, 46, 41 P.3d 781 (2002): "[T]he fact of a prior conviction is a sentencing factor and not an element of the crime. Thus, the prior conviction need not be presented in the indictment and proven to a jury in order to be used by the court to increase the sentence imposed."

Affirmed in part and dismissed in part.